UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

)
THE JUDGE ROTENBERG                    )
EDUCATIONAL CENTER, INC.,              )
250 Turnpike Street                    )
Canton, MA 02021                       )
Serve:  Michael P. Flammia, Esq.       )
        ECKERT SEAMANS CHERIN & MELLOTT, LLC)
        Two International Place, 16th Floor )
        Boston, MA 02110               )
                                       )
and                                    )
                                       )
GLENDA P. CROOKES,                     )
156 Wilson Avenue                      )
Rumford, R.I. 02916                    )
Serve:  Michael P. Flammia, Esq.       )
        ECKERT SEAMANS CHERIN & MELLOTT, LLC)
        Two International Place, 16th Floor )
        Boston, MA 02110               )
                                       )
        *Plaintiffs*,                  )
                                       )
            v.                         )          Civil Action No.
                                       )
U.S. FOOD AND DRUG ADMINISTRATION,     )
10903 New Hampshire Avenue             )
Silver Spring, MD 20993                )
                                       )
        *Defendant*.                   )
_____)

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.      This action is brought pursuant to the Freedom of Information Act (the "FOIA" or

"Act"), 5 U.S.C. § 552, to compel the production of agency records improperly withheld from

Plaintiffs, The Judge Rotenberg Educational Center, Inc. ("JRC") and Glenda P. Crookes, JRC's

Executive Director (collectively, "Plaintiffs"), by Defendant, U.S. Food and Drug

108249902.1

Administration ("FDA" or "Agency"), concerning FDA's regulation of, including its efforts to prohibit, by administrative, lobbying, or other means, the use of JRC's Graduated Electronic Decelerator ("GED") device, an electrical stimulation device ("ESD"), the original version of which FDA cleared in 1994, and which JRC uses to treat the self-injurious and aggressive behaviors of some of its patients.

## JURISDICTION AND VENUE

2.      This Court has both personal jurisdiction over the parties and subject-matter jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3.      Venue is proper in the U.S. District Court for the District of Columbia pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4.      Plaintiff JRC is a non-profit corporation with a principal place of business at 250 Turnpike Street, Canton, Massachusetts. JRC provides care and treatment, including GED treatment when approved by a state Probate Court judge on an individual basis, to a subset of its patients who engage in the most dangerous and treatment-resistant self-injurious and aggressive behaviors.

5.      Plaintiff Glenda P. Crookes is a resident of the City of East Providence, County of Providence, State of Rhode Island. She is the Executive Director of JRC. She submitted a FOIA request, dated March 28, 2022, to FDA on JRC's behalf (the "FOIA Request").

6.      Defendant FDA is a federal regulatory agency and an "agency" within the meaning of 5 U.S.C. § 552(f)(1). FDA has possession, custody, and control of certain records that JRC seeks through the FOIA Request.

-2-

108249902.1

## FOIA LEGAL STANDARD

7.      FOIA requires that "each agency, upon any request for records . . . shall make the

records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

8.      FOIA provides:

Each agency, upon any request for records . . . shall . . . determine within 20
[working] days . . . after the receipt of any such request whether to comply with
such request and shall immediately notify the person making such request of . . .
such determination and the reasons therefor; . . . the right of such person to seek
assistance from the FOIA Public Liaison of the agency; and . . . in the case of an
adverse determination . . . the right of such person to appeal to the head of the
agency . . . ; and . . . the right of such person to seek dispute resolution services
from the FOIA Public Liaison of the agency or the Office of Government
Information Services [("OGIS")].

*Id.* at § 552(a)(6)(A)(i). Under FOIA, to make a "determination" within this time period:

. . . the agency must at least: (i) gather and review the documents; (ii) determine
and communicate the scope of the documents it intends to produce and withhold,
and the reasons for withholding any documents; and (iii) inform the requester that
it can appeal whatever portion of the "determination" is adverse.

*Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C.

Cir. 2013) ("*CREW*").

9.      FOIA commands the agency to "promptly" produce the records to the requester

upon making a determination to comply with the request, 5 U.S.C. § 552(a)(6)(C)(i), "which

depending on the circumstances typically would mean within days or a few weeks of a

'determination,' not months or years," *CREW*, 711 F.3d at 188 (quoting 5 U.S.C. § 552(a)(3)(A),

(a)(6)(C)(i)).

10.     FDA's regulations implementing FOIA provide:

Within 20 working days . . . after a request for records is logged in at the Division
of Freedom of Information [("DFI")], the [A]gency shall send a letter to the
requester providing the [A]gency's determination as to whether, or the extent to
which, the [A]gency will comply with the request, and, if any records are denied,
the reasons for the denial.

108249902.1

21 C.F.R. § 20.41(b). Further, "[i]f any record is denied, the letter shall state the right of the person requesting such record to appeal any adverse determination to the appropriate review official . . ." *Id.* at § 20.41(b)(5). A letter denying a request for records, in whole or in part, must also: "be signed by the Director, [DFI] (or delegatee)," *id.* at § 20.49(a); set forth "[t]he name and title or position of each person who participated in the denial," *id.* at § 20.49(b); and include "an estimate of the volume of records denied, . . . [and] contact information for the [FOIA] Public Liaison and the [OGIS]," *id.* at § 20.49(c).

### COUNT I: FOIA VIOLATION

11.     JRC repeats and re-alleges the allegations in Paragraphs 1 through 10 as if each were separately and specifically set forth herein.

<u>FDA'S PROPOSED BAN AND JRC'S PRIOR FOIA REQUEST</u>

12.     On April 25, 2016, FDA published a proposed rule that would ban ESDs used to treat self-injurious and aggressive behavior (the "Proposed Ban"). 81 Fed. Reg. 24386 (Apr. 25, 2016). According to FDA, the Proposed Ban targeted only one treatment provider – JRC – and only one ESD – the GED. *Id.* at 24390. Much of the information on which FDA's Proposed Ban relied was specific to JRC and the GED and was derived from publicly unavailable sources, including sources that have well-documented anti-GED bias.

13.     Because FDA proceeded by a rulemaking rather than an adjudicatory process, there was no mechanism – other than FOIA – for JRC to examine the reliability of the factual allegations on which the Proposed Ban relied. Thus, on December 27, 2016, JRC, through counsel, submitted to FDA a request for information and records concerning, *inter alia*, the Proposed Ban. JRC's request and related FOIA requests submitted by others are the subject of

108249902.1

another FOIA action in this Court (the "First FOIA Action").[1] *See generally JRC, et al. v. FDA, et al.*, No. 1:17-cv-02092-BAH (D.D.C.).

<u>FDA'S BAN</u>

14.     On March 6, 2020, FDA published a final rule purporting to ban ESDs used to treat self-injurious and aggressive behavior, including JRC's GED (the "Ban"). 85 Fed. Reg. 13312 (Mar. 6, 2020).

15.     FDA purported to establish April 6, 2020 as the effective date of the Ban. FDA further purported to establish two "compliance" dates for the Ban: September 2, 2020 "[f]or devices in use on specific individuals as of the date of publication [of the Ban] and subject to a physician-directed transition plan," and April 6, 2020 "[f]or all other devices." *Id.* at 13312, 49.

<u>JRC OBTAINS A PARTIAL ADMINISTRATIVE STAY OF THE BAN<br>AND THEN SUCCESSFULLY CHALLENGES THE BAN</u>

16.     On March 20, 2020, JRC petitioned FDA for an administrative stay of the Ban.

17.     On March 26, 2020, JRC petitioned for review of FDA's Ban (the "Appeal") in the U.S. Court of Appeals for the D.C. Circuit (the "D.C. Circuit").

18.     On March 27, 2020, FDA notified JRC that the Agency was granting a partial administrative stay of the Ban as to ESDs currently in use on specific individuals who had or would need to obtain a physician-directed transition plan to cease use of such devices. A copy of the partial administrative stay is incorporated herein and attached hereto as **Exhibit A**. *See also* 85 Fed. Reg. 50950 (Aug. 19, 2020).

---

[1]     FDA successfully opposed a motion by JRC to supplement the complaint in the First FOIA Action with the FOIA claim that JRC now asserts in this action. *See* Min. Order, *JRC, et al. v. FDA, et al.*, No. 1:17-cv-02092-BAH (Nov. 1, 2022 D.D.C.).

108249902.1

19.     On the same date, FDA also informed JRC that it would exercise enforcement discretion by not initiating enforcement action against JRC nor initiating or supporting a referral for any enforcement action against JRC with respect to patients currently being treated with ESDs for self-injurious and aggressive behavior. A copy of this email is incorporated herein and attached hereto as **Exhibit B**.

20.     FDA subsequently notified JRC that its partial administrative stay of the Ban extended to patients who were court-authorized to receive treatment with GED devices but were being faded from the devices or were not actually wearing the devices at the time that FDA issued the stay. A copy of this email is incorporated herein and attached hereto as **Exhibit C**.

21.     After briefing and argument, the D.C. Circuit vacated FDA's Ban on July 6, 2021. The D.C. Circuit held that FDA had exceeded its statutory authority and improperly interfered with the practice of medicine by attempting to ban a particular use of an otherwise legal medical device. Because "a single issue [was] determinative of the [Appeal]" – namely, FDA's lack of authority to ban an otherwise legal medical device for a particular use – the D.C. Circuit "[did] not address [the] other arguments [by JRC], including whether the [Ban] was arbitrary and capricious or whether substantial evidence supported the FDA's factual determinations." Copies of the D.C. Circuit's opinion and judgment are incorporated herein and attached hereto as **Exhibit D**.

22.     On September 10, 2021, FDA petitioned for rehearing *en banc*. On November 22, 2021, the D.C. Circuit denied FDA's petition, with not a single judge having requested a vote thereon. *JRC v. FDA*, No. 20-1087 (D.C. Cir. Nov. 22, 2021) (order denying petition for rehearing *en banc*).

23.     The D.C. Circuit's judgment vacating FDA's Ban became final on February 22, 2022.

24.     FDA's partial administrative stay remained in place through the date the Ban was vacated by the D.C. Circuit. The Ban never went into effect for those JRC patients who were actually receiving GED treatment or who had a court-authorized treatment plan for GED treatment.

25.     After the D.C. Circuit vacated FDA's Ban, on June 11, 2022, FDA notified JRC that the Agency was dismissing as moot the petition for stay filed by JRC because the Ban had been vacated and was of "no legal effect," and thus the partial administrative stay was "no longer necessary." FDA's notice to JRC is incorporated herein and attached hereto as **Exhibit E**.

FDA'S EFFORTS TO HAVE CONGRESS UNDO THE D.C. CIRCUIT'S JUDGMENT

26.     In early May of 2022, JRC learned that the U.S. Congress ("Congress") was considering proposed legislation concerning ESDs used to treat self-injurious and aggressive behavior. Shortly thereafter, upon investigation, JRC learned that, at some point after the D.C. Circuit issued its opinion, FDA began a lobbying campaign to convince Congress to undo the D.C. Circuit's judgment by legislatively banning ESDs used to treat self-injurious or aggressive behavior and by expressly granting FDA the statutory authority to ban a specific use of an otherwise legal medical device.

27.     On information and belief, as part of its lobbying efforts, FDA represented, suggested, or implied to Congress or failed to correct the mistaken belief by Congress that the D.C. Circuit had accepted, affirmed, or endorsed FDA's factual findings concerning ESDs used to treat self-injurious or aggressive behaviors, notwithstanding the D.C. Circuit's express disclaimer in its opinion.

-7-

28.     On information and belief, as part of its lobbying efforts, FDA shared with Congress only information purportedly supportive of the Ban. FDA withheld from Congress evidence supporting the safety and efficacy of JRC's GED devices and demonstrating the lack of effective alternative treatment for some patients with life-threatening behavior disorders, as well as records reflecting FDA's lack of scientific support for the Ban and FDA's bad faith in issuing the Ban.

29.     As a result of FDA's lobbying efforts, on June 8, 2022, the U.S. House of Representatives passed a bill providing, *inter alia*, for a legislative ban of ESDs used to treat self-injurious or aggressive behavior and a grant of statutory authority for FDA to ban a specific use of an otherwise legal medical device. Food and Drug Amendments of 2022, H.R. 7667, 117th Cong. § 811 (2d Sess. 2022).

30.     As a result of FDA's lobbying efforts, on July 13, 2022, the U.S. Senate Committee on Health, Education, Labor and Pensions passed out of committee a bill providing, *inter alia*, for a legislative ban of ESDs used to treat self-injurious or aggressive behavior and a grant of statutory authority for FDA to ban a specific use of an otherwise legal medical device. FDASLA Act of 2022, S. 4348, 117th Cong. § 915 (2d Sess. 2022).

<u>JRC'S FOIA REQUEST</u>

31.     On March 29, 2022, Executive Director Crookes, on behalf of JRC, submitted the written FOIA Request, dated March 28, 2022, to FDA via DFI's online portal. The FOIA Request is incorporated herein and attached hereto as **<u>Exhibit F</u>**. FDA docketed the FOIA Request as number 2022-2434.

32.     The FOIA Request seeks records dated from July 20, 2016 (the day after the first FOIA request at issue in the First FOIA Action) to the date of the FOIA Request at issue in this

108249902.1

action (March 29, 2022). Ex. F at 1. In the FOIA Request, Plaintiffs provided FDA with

extensive guidance about the particular records they sought, which include, but are not limited

to, FDA's communications with members of Congress about JRC and ESDs. *Id.* at 3. Plaintiffs

also provided FDA with precise guidance about records they did not seek, namely, records that:

are publicly available in specific FDA dockets; are publicly available in the D.C. Circuit docket

for the Appeal; or have been produced to Plaintiffs in response to the FOIA requests that are the

subject of the First FOIA Action. *Id.* at 8.

33.     In the FOIA Request, Plaintiffs requested that FDA comply with the statutory and

regulatory requirements governing its response deadline and that FDA produce records on a

rolling basis. *Id.* at 9.

34.     On March 29, 2022, the same date that Executive Director Crookes submitted the

FOIA Request on behalf of JRC, FDA provided Executive Director Crookes with confirmation

that the Agency had received the FOIA Request. The confirmation is incorporated herein and

attached hereto as **Exhibit G**.

35.     FDA has non-exempt records responsive to the FOIA Request that FDA has not

previously made publicly available or produced to Plaintiffs.

36.     FDA failed to provide Plaintiffs with its determination as to the FOIA Request

within twenty working days of its receipt of the FOIA Request by failing, *inter alia*, to: gather

and review the requested documents; determine and communicate the scope of the documents it

intended to produce and withhold in a letter signed by its DFI Director, and the alleged reasons

for withholding any documents along with the name and title of each person who participated in

the denial and an estimate of the volume of records denied; inform Plaintiffs that they could

appeal any adverse portion of FDA's determination; advise Plaintiffs of their right to seek

assistance from FDA's FOIA Public Liaison; and communicate to Plaintiffs their right to seek

dispute resolution services from FDA's FOIA Public Liaison or the OGIS. *See CREW*, 711 F.3d

at 188; 5 U.S.C. § 552(a)(6)(A)(i); 21 C.F.R. §§ 20.41(b)(1), (5), 20.49(a)-(c).

      37.     FDA also failed to promptly produce to Plaintiffs all of the records responsive to

the FOIA Request. *See CREW*, 711 F.3d at 188.

      38.     To date, 167 working days have elapsed since Executive Director Crookes

submitted the FOIA Request on behalf of JRC. During that time, FDA has not notified Plaintiffs

of its determination, and the Agency has produced no new records in response to the FOIA

Request.

      39.     Plaintiffs constructively exhausted their administrative remedies with respect to

the FOIA Request because FDA failed to comply with the Act's time limits for issuing its

determination, *see* 5 U.S.C. § 552(a)(6)(C)(i), and because FDA did not issue a final

determination on the FOIA Request to Plaintiffs before they initiated this action, *see Oglesby v.*

*U.S. Dep't of Army*, 920 F.2d 57, 63, 67 (D.C. Cir. 1990).

      40.     FDA's failures are unlawful under the Act, the Agency's implementing

regulations, and controlling case law.

      41.     Pursuant to 5 U.S.C. § 552(a)(3)(A), Plaintiffs have a statutory right to the records

sought in the FOIA Request, which FDA has improperly withheld.

      42.     For FDA's violations of FOIA, including its unlawful withholding of records

responsive to the FOIA Request, Plaintiffs are entitled to the relief set forth below.

108249902.1

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

1.      Declare that FDA's withholding of the records requested in the FOIA Request is

unlawful;

2.      Order FDA to produce immediately, completely, and without redactions or

withholdings the records requested in the FOIA Request pursuant to 5 U.S.C.

§ 552(a)(4)(B);

3.      Enjoin FDA from withholding the records requested in the FOIA Request

pursuant to 5 U.S.C. § 552(a)(4)(B);

4.      Declare, based on FDA's failures to comply with FOIA and its implementing

regulations, that the Agency has waived or otherwise forfeited, to the maximum

extent allowable, any right it may have otherwise had to withhold responsive

records;

5.      Award Plaintiffs their litigation costs and attorney fees incurred in this action

pursuant to 5 U.S.C. § 552(a)(4)(E)(i); and

6.      Grant Plaintiffs such other and further relief as the Court deems just and proper.

108249902.1

Respectfully submitted,

THE JUDGE ROTENBERG EDUCATIONAL CENTER, INC.
and GLENDA P. CROOKES,

By their attorneys,

/s/ Edward J. Longosz, II
Edward J. Longosz, II, Esq. (D.C. Bar No. 368932)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1717 Pennsylvania Avenue, Northwest, 12th Floor
Washington, D.C. 20006
T: 202 659 6619
F: 202 659 6699
elongosz@eckertseamans.com

/s/ Michael P. Flammia
Michael P. Flammia, Esq.
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Two International Place, 16th Floor
Boston, MA 02110
T: 617 342 6854
F: 617 342 6899
mflammia@eckertseamans.com
*Of Counsel – Pro Hac Vice To Be Filed*

/s/ Matthew D. Rodgers
Matthew D. Rodgers, Esq.
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Two International Place, 16th Floor
Boston, MA 02110
T: 617 342 6817
F: 617 342 6899
mrodgers@eckertseamans.com
*Of Counsel – Pro Hac Vice To Be Filed*

Dated: November 28, 2022

-12-

108249902.1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing document was electronically filed on

November 28, 2022 and will be served on the below party and its counsel with all appropriate

documents along with the Summons:

U.S. Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 20993

Civil Process Clerk
U.S. Attorney's Office for D.C.
601 D Street, Northwest
Washington, D.C. 20530
USADC.ServiceCivil@usdoj.gov

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, Northwest
Washington, D.C. 20530

<u>/s/ Edward J. Longosz, II</u>
Edward J. Longosz, II.

Dated: November 28, 2022

-13-

108249902.1