UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THE JUDGE ROTENBERG EDUCATIONAL CENTER, INC., *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 22-cv-03583-BAH |
| U.S. FOOD AND DRUG ADMINISTRATION, | ) ) ) ) | |
| Defendant. | ) ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's January 31, 2024 Minute Order, Plaintiffs, The Judge Rotenberg Educational Center, Inc. and Glenda P. Crookes, JRC's Executive Director (collectively, "JRC"), and Defendant, U.S. Food and Drug Administration ("FDA" or the "Agency"), respectfully submit the following Joint Status Report updating the Court about the status of this case. Following this status update, Plaintiff and Defendant state their respective positions on additional matters raised by Plaintiff.

**PROCEDURAL HISTORY**

1. In the most recent Joint Status Report, the parties described the number of pages of responsive records that FDA had processed to date. [ECF No. 23 at ¶ 4]. The parties also reported their disagreement concerning a processing schedule for the approximately 74,000 then-remaining pages of potentially responsive records. [ECF No. 23 at ¶ 7].

2. After reviewing the parties' Joint Status Report, the Court ordered FDA, by March 1, 2024, to begin searches of the approximately 74,000 then-remaining pages of potentially responsive records and to make rolling monthly productions based on a monthly review of at least

1,000 pages, and a quarterly review of at least 4,000 pages. (Jan. 31, 2024 Min. Order). The Court further ordered the parties to submit a joint status report by April 30, 2024. (Jan. 31, 2024 Min. Order).

3. Additional procedural history may be found in the parties' prior Joint Status Reports. [*See, e.g.*, ECF No. 23 at ¶¶ 2-3, 5].

## CASE STATUS

4. Consistent with the Court's January 31, 2024 Minute Order, FDA states that it reviewed 6,173 pages of potentially responsive records in connection with its February production, 2,747 pages of potentially responsive records in connection with its March production, and 2,583 pages of potentially responsive records in connection with its April production, for a quarterly total of 11,503 pages of potentially responsive records reviewed. FDA produced to JRC 77 pages on February 1, 2024, 644 pages on March 1, 2024, and 137 pages on April 1, 2024, for a quarterly total of 858 pages of records produced. Of the 858 pages of records produced this quarter, JRC reports that 453 pages are redacted, with 70 pages fully redacted and 383 pages partially redacted.

5. In sum, to date: FDA reports that it has reviewed 30,372 pages of potentially responsive records; the parties report that FDA has produced 4,057 pages of records; and JRC reports that, of the total produced records, 2,172 pages are redacted, with 910 pages fully redacted and 1,262 pages partially redacted. [ECF No. 23 at ¶ 4]. FDA has determined that there remain approximately 63,000 pages of potentially responsive records for processing.

6. Since the last Joint Status Report, the parties have reached an agreement on one issue concerning the processing of records potentially responsive to the FOIA request at issue in this action (FOIA request number 2022-2434), as well as one of the FOIA requests at issue in the related case captioned as *JRC v. FDA, et al.*, No. 24-cv-80-BAH (D.D.C.) (FOIA request number

2022-8287). Specifically, the parties agreed that, to increase the speed at which FDA processes potentially responsive records, FDA may redact as "non-responsive" only that information that is actually non-responsive in responsive records that are similar to an example that FDA provided JRC.[1]

7.      The parties respectfully suggest that they report to the Court concerning the status of FDA's processing of responsive records and any disputes between the parties by July 31, 2024.

**Plaintiff's Position**

RECENT DEVELOPMENTS

8.      JRC's claim arises from its March 29, 2022 Freedom of Information Act ("FOIA") request to FDA (FOIA request number 2022-2434), that, in essence, seeks records "concerning FDA's regulation of, including its efforts to prohibit, by administrative, lobbying, or other means, the use of JRC's Graduated Electronic Decelerator ('GED') device, an electrical stimulation device ('ESD'), . . . which JRC uses to treat the self-injurious and aggressive behaviors of some of its patients." Compl. at ¶ 1 [ECF No. 1].

9.      FDA recently published a proposal to ban ESDs for self-injurious and aggressive behaviors. 89 Fed. Reg. 20882 (Mar. 26, 2024) (the "Second Proposed Rule"). The Second Proposed Rule is FDA's second attempt to ban ESDs used to treat self-injurious and aggressive behaviors (the "Second Rulemaking"), after the U.S. Court of Appeals for the D.C. Circuit vacated FDA's first attempt to do so (the "First Rulemaking") as *ultra vires*. *See generally JRC v. FDA*, 3 F.4th 390 (D.C. Cir. 2021), *petition for reh'g en banc denied* (D.C. Cir. Nov. 22, 2021); *see also* 89 Fed. Reg. at 20883. JRC, the approximately fifty JRC patients who receive GED treatment, and

---

[1]      In connection with this agreement, JRC reserved its right to challenge specific "non-responsive" designations as inaccurate and to challenge the usage of "non-responsive" designations on records that are not similar to the example FDA provided JRC.

their families are the only individuals and entities that will be affected if FDA finalizes the Second Proposed Rule. 89 Fed. Reg. at 20889, 20895. If FDA finalizes the Second Proposed Rule as currently worded, JRC patients then receiving GED treatment will have to be completely removed from the devices within 180 days of publication of the final rule, and JRC patients not then receiving GED treatment will be prohibited from receiving GED treatment as of the date of publication of the final rule. 89 Fed. Reg. at 20894.

10. On April 17, 2024, JRC, its GED patients, and their families requested that FDA produce "all records reflecting the 'new' data and information provided or submitted to, received or obtained by, or reviewed or considered by FDA [since the conclusion of the First Rulemaking in 2020], as well as all records reflecting FDA's analysis and understanding of that 'new' data and information" to the extent that FDA had not "already [made such records] available to the public in the docket of the Second Proposed Rule". *See* Letter from Matthew Rodgers, Eckert Seamans Cherin & Mellott, LLC, to Rebecca Nipper, FDA at 2 (Apr. 17, 2024) (attached hereto as **Exhibit 1**). FDA responded by referring JRC, its GED patients, and their families to its regulations governing FOIA requests and to its website explaining how to submit a FOIA request. *See* Email from Rebecca Nipper, FDA, to Matthew Rodgers, Eckert Seamans Cherin & Mellott, LLC at 1 (Apr. 24, 2024) (attached hereto as **Exhibit 2**). **FDA did not deny that the requested records exist, but it did not produce any of the requested records.**

11. JRC states that, in this action, it alleged with respect to the First Rulemaking that "[b]ecause FDA proceeded by a rulemaking rather than an adjudicatory process [in the First Rulemaking], there was no mechanism – other than FOIA – for JRC to examine the reliability of the factual allegations on which the Proposed Ban relied". Compl. at ¶ 13 [ECF No. 1]. It is now clear that the same is equally true of this Second Rulemaking.

12.     JRC also states that the Second Proposed Ban, if finalized as currently worded, would lead to immediate and irreparable harm to JRC, its patients, and their families. Any attempt to transition JRC's patients from their current safe, effective, and comprehensive court-ordered behavioral treatment plans that include GED treatment would, in the opinion of their physicians, likely result in irreparable harm, including potentially devastating, permanent physical or psychological injuries and possibly even death. Any attempt to prohibit GED treatment would also likely result in irreparable harm, including uncontrollable severe self-abuse and aggression and other life-threatening injuries and harms, to JRC's patients who, in the opinion of their physicians, desperately require such treatment because they have not meaningfully improved with the other forms of treatment that FDA would demand they instead receive without regard to their individual, specific treatment histories or medical conditions. To avoid this irreparable harm, JRC anticipates that JRC, its GED patients, and their families, would pursue all available legal avenues to vacate, set aside, or otherwise avoid the effects of such a final rule – just as they successfully did in response to FDA's First Rulemaking.

13.     JRC further states that FDA's publication of the Second Proposed Rule makes it imperative that JRC promptly receive the responsive information and records that FDA continues to withhold, including responsive information that FDA has redacted from the records that it has produced as well as the responsive records that FDA has not yet produced. JRC anticipates that it may find it necessary to move to compel FDA to produce such information and records on an immediate basis, particularly if FDA finalizes the Second Proposed Rule.[2] JRC thus continues to reserve – as it has consistently done [*See, e.g.*, ECF No. 23 at ¶ 5 n.1] – the right to compel the

---

[2]     This includes all records and information responsive to the FOIA request at issue in this action as well as to the FOIA requests at issue in the related cases captioned as *JRC v. FDA, et al.*, No. 24-cv-80-BAH (D.D.C.), and *JRC, et al. v. FDA, et al.*, No. 17-cv-2092-BAH (D.D.C.).

production of all responsive records, and to seek production of all responsive records on an expedited basis, including in the event that FDA publishes a final rule purporting to ban ESDs for self-injurious and aggressive behaviors, which FDA could do without prior notice to JRC at any time after the close of the comment period on May 28, 2024. JRC's position is that FDA should not be able to hide records through delayed productions when the records concern a proposed Agency action that would have serious and immediate detrimental effects on the lives on actual patients.

14. JRC will also provide an update, if and when necessary, on any relevant developments in FDA's Second Rulemaking and any anticipated need by JRC to expedite processing of responsive records.

**Defendant's Position**

15. FDA remains compliant with the court-ordered production schedules in this case. Plaintiff's assertions about developments in FDA's "Second Rulemaking" are not relevant to this FOIA litigation. To the extent that JRC wishes to challenge any final rule that may be issued in the future, there are alternative appropriate venues.

16. The Center for Devices and Radiological Health's response to JRC counsel's request for documents appropriately referred JRC to the FOIA and the related rulemaking docket and is not relevant to this FOIA litigation.

Respectfully submitted,

| | |
|---|---|
| THE JUDGE ROTENBERG EDUCATIONAL CENTER, INC. and GLENDA P. CROOKES, | MATTHEW M. GRAVES (D.C. Bar No. 481052) United States Attorney |
| By their attorneys, | BRIAN P. HUDAK Chief, Civil Division |
| */s/ Edward J. Longosz*<br>Edward J. Longosz II, Esq. (D.C. Bar No. 368932)<br>ECKERT SEAMANS CHERIN & MELLOTT, LLC<br>1717 Pennsylvania Avenue, Northwest, 12th Floor<br>Washington, D.C. 20006<br>T: 202 659 6619<br>F: 202 659 6699<br>elongosz@eckertseamans.com | By: */s/ John J. Bardo*<br>JOHN J. BARDO<br>(D.C. Bar No. 1655534)<br>Assistant United States Attorney<br>601 D Street, Northwest<br>Washington, D.C. 20530<br>John.Bardo@usdoj.gov |
| */s/ Michael P. Flammia*<br>Michael P. Flammia, Esq. (*Pro Hac Vice*)<br>Matthew D. Rodgers, Esq. (*Pro Hac Vice*)<br>ECKERT SEAMANS CHERIN & MELLOTT, LLC<br>Two International Place, 16th Floor<br>Boston, MA 02110<br>T: 617 342 6854<br>F: 617 342 6899<br>mflammia@eckertseamans.com<br>mrodgers@eckertseamans.com | *Attorneys for the United States of America* |

Dated: April 30, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing Joint Status Report has been made through the Court's electronic transmission facilities on this date.

*/s/ Edward J. Longosz*
Edward J. Longosz

Dated: April 30, 2024