

Eckert Seamans Cherin & Mellott, LLC  TEL:  617 342 6800
Two International Place                FAX:  617 342 6899
16th Floor
Boston, MA 02110

Matthew D. Rodgers
Direct: 617 342 6817
Email: mrodgers@eckertseamans.com

April 17, 2024

**VIA EMAIL ONLY**

Rebecca Nipper
Center for Devices and Radiological Health
Food and Drug Administration
10903 New Hampshire Ave., Bldg. 66, Rm. 1540
Silver Spring, MD 20993-0002
Rebecca.Nipper@fda.hhs.gov

    Re:    **Request For Production Of Certain Records Associated With Proposal To Ban Electrical Stimulation Devices For Self-Injurious Or Aggressive Behavior (89 Fed. Reg. 20882 (Mar. 26, 2024))**

Dear Ms. Nipper:

This firm represents The Judge Rotenberg Educational Center, Inc. ("JRC"). We are also writing on behalf of Max Stern, Esq. of Todd & Weld LLP, who represents the individual patients receiving treatment at JRC with the Graduated Electronic Decelerator ("GED") devices, their parents and guardians, and The B.R.I. Parents and Friends Association, Inc. (d/b/a The J.R.C. Parents and Friends Association, Inc.) (collectively, the "Parents").

As you know, the U.S. Food and Drug Administration ("FDA" or "Agency") recently published in the Federal Register a proposal to ban electrical stimulation devices ("ESDs") intended for self-injurious behavior ("SIB") or aggressive behavior ("AB") (the "Second Proposed Rule").[1] The Second Proposed Rule is FDA's second attempt to ban ESDs used to treat SIB and AB (the "Second Rulemaking") after the U.S. Court of Appeals for the D.C. Circuit vacated the Agency's first attempt to do so (the "First Rulemaking") as *ultra vires*.[2] According to FDA, the Second Proposed Rule "focuses on new information and data that [the Agency] ha[d] become aware of since [it] issued the previous ban".[3]

---

[1] 89 Fed. Reg. 20882 (Mar. 26, 2024).
[2] *See generally JRC v. FDA*, 3 F.4th 390 (D.C. Cir. 2021); Order Denying Petition for Rehearing *en Banc*, *JRC v. FDA*, No. 20-1087 (D.C. Cir. Nov. 22, 2021); *see also* 89 Fed. Reg. at 20883 (admitting same).
[3] 89 Fed. Reg. at 20887.



Rebecca Nipper
April 17, 2024
Page 2

We write today to request that FDA promptly produce all records concerning the "relevant data or information that [the Agency] ha[d] not already considered and discussed in the previous rulemaking".[4] Our request specifically includes all records reflecting the "new" data and information provided or submitted to, received or obtained by, or reviewed or considered by FDA, as well as all records reflecting FDA's analysis and understanding of that "new" data and information. We expect the requested records in both categories will concern, among other matters, the scientific literature,[5] the alleged state of the art for treating SIB or AB,[6] ESDs intended for other uses (and any comparison with ESDs intended for SIB or AB),[7] and any new reports of purported adverse events. We expect the requested records in the second category will include Agency memoranda evaluating the "new" data and information, similar to those prepared during the First Rulemaking,[8] any new literature review report,[9] and any other documentation of FDA's analysis or understanding the "new" data and information, including safety and effectiveness data provided by JRC.[10]

FDA admits that the Second Rulemaking will directly affect only JRC and approximately fifty patients at JRC.[11] Failing to allow JRC and the Parents to review and respond to all of the "new" data and information on which FDA relies in the Second Proposed Rule would deprive them of their due process rights. Refusing to produce the requested documentation would also prevent JRC and the Parents from "*meaningfully*" commenting on and contesting the alleged basis for the Second Proposed Rule and thus would constitute procedural error under the Administrative Procedure Act.[12] Further, a device ban must be based on "all available data and information",[13] and, to the extent FDA withholds the requested documentation, it is intentionally depriving itself of relevant feedback (*i.e.*, data and information) that JRC and the Parents, as the only current users of ESDs intended for SIB or AB, are uniquely positioned to provide to the Agency. All of the requested documents must also be made available to JRC and the Parents as members of the

---

[4] *Id.* at 20887.

[5] *Id.*

[6] *Id.*

[7] *Id.* at 20893-20894.

[8] *See* Amended Certified List of Record Materials (ECF No. 1868914) at 203-204, *JRC v. FDA*, No. 20-1087 (D.C. Cir. Oct. 29, 2020).

[9] 89 Fed. Reg. at 20887.

[10] Our request **does not** include records submitted by JRC and/or the Parents to FDA or records that are already available to the public in the docket of the Second Proposed Rule (Docket No. FDA-2023-N-3902).

[11] *See*, *e.g.*, 89 Fed. Reg. at 20886, 20895.

[12] *FBME Bank Ltd. v. Lew*, 125 F. Supp. 3d 109, 121 (D.D.C. 2015) (citing *Am. Med. Ass'n v. Reno*, 57 F.3d 1129, 1129 (D.C. Cir. 1995)).

[13] 21 U.S.C. § 360f(a); 21 C.F.R. § 895.20.



Rebecca Nipper
April 17, 2024
Page 3

public.[14] In any event, all of the requested documents must be placed in the administrative record of the Second Rulemaking,[15] and so will ultimately be made available to JRC and the Parents (and a court) in the event of future litigation concerning the Second Rulemaking.

As you know, the comment period for the Second Proposed Rule closes on Tuesday, May 28, 2024. In light of this deadline, we would respectfully request that FDA produce the records at issue by Wednesday, April 24, 2024, so that we may review these materials and respond to them, to the extent necessary, in our comments on the Second Proposed Rule. Given the approaching comment period deadline and FDA's prolonged delays in responding to previous Freedom of Information Act ("FOIA") requests by JRC and the Parents, submitting a new FOIA request for the information sought by this letter would be futile.

Thank you, in advance, for your consideration of this matter. If a telephone call or virtual meeting would be helpful, please let us know. We look forward to hearing from you shortly.

Very truly yours,

/s/ Matthew D. Rodgers

Matthew D. Rodgers

---

[14] *See* 21 C.F.R. § 895.21(d)(8) ("All nonconfidential information upon which the proposed [ban] finding is based . . . will be available for public review . . ."); 44 Fed. Reg. 29214, 29217 (May 18, 1979) (final rule adopting final ban regulations providing that "[e]xcept for those [ban findings] that are confidential, such findings can and will be made available for public review . . .").

[15] *See* 21 U.S.C. § 360g(a) (defining the "record" for a ban proceeding to include, *inter alia*, "all information submitted to the Secretary with respect to such regulation" and "information identified by the Secretary . . . as being relevant to such regulation"); *see also* 21 C.F.R. § 10.40(g)(3) (providing the administrative record includes "all information identified" by FDA in a proposed rule); 21 C.F.R. § 10.40(g)(6) (providing the administrative record includes all "documents resulting from the procedures specified in paragraph (f) of this section"), 21 C.F.R. § 10.40(f)(1) (specifying, among such procedures, "correspondence under § 10.65"), and 21 C.F.R. § 10.65(f) (requiring FDA to file "in the appropriate administrative file" "all correspondence . . . that relate to a matter pending before the agency"); 21 C.F.R. § 10.70(b)(1)-(2) (stating that FDA's administrative file "must contain", *inter alia*, "[a]ppropriate documentation of the basis for the decision, including relevant evaluations, reviews, [and] memoranda . . ." and "[t]he recommendations and decisions of individual employees . . . responsible for handling the matter").



Rebecca Nipper
April 17, 2024
Page 4

cc: Michael Flammia, Esq. (via email only)
　　Christian Stephens, Esq. (via email only)
　　Jeff Gibbs, Esq. (via email only)
　　Max Stern, Esq. (via email only)